UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANKLYN ANTHONY CLARKE,

                                        Plaintiff,

        -v.-                                                    9:08-CV-0459
                                                                    (TJM)

THE PEOPLE OF THE STATE OF NEW YORK;
IRP/INVESTIGATIONS DIVISION; and THE
INSTITUTIONAL HEARING PROGRAM, New
York District,
                                        Defendants.

APPEARANCES:

FRANKLYN ANTHONY CLARKE
05-R-4026
Watertown Correctional Facility
P.O. Box 168
Watertown, NY 13601-0168
Plaintiff, *pro se*

THOMAS J. MCAVOY, Senior U.S. District Judge

_____**DECISION and ORDER**

I.      **Background**

        The Clerk has sent to the Court a civil rights complaint, together with an in forma pauperis

application, from plaintiff Franklyn Anthony Clarke, who is incarcerated at Watertown Correctional

Facility.[1]  Dkt. Nos. 1, 2.  Plaintiff has not paid the filing fee required for this action.

        In his *pro se* complaint, plaintiff alleges that "the Institutional Hearing Program (New York

District) at Ulster and Downstate Correctional Facilities are routinely issuing removal deportation

orders without first investigating the subject background on residency and derivative citizenship."

_____

        [1] This action was transferred to this District from the Eastern District of New York by Order
of United States Magistrate Judge Lois Bloom.  Dkt. No. 4.

Dkt. No. 1 at 4.  Plaintiff further alleges that the "IRP/Investigations Division automatically filed

detainer holds" against foreign born prisoners.[2]  *Id*.  Plaintiff claims that the detainer takes away his

right to participate in "all early release ... work-release - outside clearance programs."  *Id*.  Finally,

plaintiff alleges that he is eligible for derivative citizenship and wishes to file a naturalization

application.  *Id*. at 5.  Plaintiff seeks monetary damages and also asks that his immigration

proceeding be re-opened so that he can seek "termination of proceedings to allow his consideration

of the application for naturalization citizenship."  *Id*. at 5-6.  For a more complete statement of

plaintiff's claims, reference is made to the entire complaint.

**II.    Discussion**

   **A.  *In forma pauperis* application**

   As to plaintiff's *in forma pauperis* application, after reviewing the entire file, the Court finds

that plaintiff is financially able to commence this matter *in forma pauperis*.

   **B.  Complaint**

   Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the

court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is

the court's responsibility to determine whether the complaint that the plaintiff has filed may properly

─────────────────────

[2] The IRP/Investigations Division and the Institutional Hearing Program are federal defendants. The Institutional Removal Program (IRP) "is a nationwide [Department of Homeland Security] initiative" which holds deportation hearings for prisoners.  There are immigration courts in three New York state prisons: Ulster Correctional Facility, Downstate Correctional Facility, and Bedford Hills. *See* http://www.nysda.org/idp/docs/Deportation101-Curriculum.pdf.

be maintained in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*.  *See id.*

Moreover, under 28 U.S.C. § 1915A, a court must review any complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (citation omitted).

Plaintiff brings this action pursuant to 42 U.S.C. §1983.[3]  Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

### 1.  The People of the State of New York

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*,

---

[3] Plaintiff's allegations against the federal defendants constitute a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions, although not precisely parallel, are the analog to a section 1983 action against state actors, and the constitutional standard of review is the same for either type of action.  *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (noting that there is a "general trend in the appellate courts" to incorporate § 1983 law into *Bivens* cases) (citation omitted); *see also Lombard v. Board of Education*, 784 F.Supp. 1029, 1036 (E.D.N.Y. 1992) (same).

21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)) (other citations omitted).  In this case, there are absolutely **no allegations in the complaint** against The People of the State of New York.[4]  Moreover, to the extent that plaintiff seeks monetary damages against the People of the State of New York, it is clear that plaintiff's claims for monetary damages against New York State are barred by the Eleventh Amendment to the United States Constitution.  *See* U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988); *Amankwaah v. Cayuga County*, 1992 WL 296459 at *2-3 (N.D.N.Y. Oct. 16, 1995) (McCurn, C.J.).

### 2.  Participation in work/early release programs

Plaintiff complains that, because an immigration detainer has been lodged against him, he is not able to participate in any early or work release programs.  Dkt. No. 1 at 4.

With respect to the federal defendants, their actions are not responsible for plaintiff's inability to participate in work/early release programs.

> The adverse consequences of the INS[5] detainer do not result from any illegality of action taken by the INS, but rather from a decision by New York State officials for which the INS, as sole defendant here, cannot be held responsible. *See Paulino v. Connery,* 766 F.Supp. 209, 211 (S.D.N.Y.1991) (INS not liable for consequences of

---

[4] The allegations concerning the immigration detainer, the removal order, and citizenship status are against the federal defendants.  To the extent that plaintiff is challenging his inability to participate in work/early release programs, he has not named specific individuals who have denied him that right. Moreover, as discussed below, plaintiff has no constitutional right to participate in those programs.

[5] "On March 1, 2003, the Immigration and Naturalization Service ["INS"] ceased to exist as an independent agency within the Department of Justice, and its functions were transferred to the Department of Homeland Security." *United States v. Sandoval,* 390 F.3d 1294, 1296 n. 2 (10th Cir.2004) (citing Homeland Security Act, Pub.L. [No.] 107-296 Sec. 471, 116 Stat. 2135 (Nov. 25, 2002), 6 U.S.C. § 291). *Ferry v. Gonzales* 457 F.3d 1117, 1121 (10th Cir. 2006).

detainer on work release eligibility) ... The INS has every right to issue its warrant to insure its ability to proceed to deport plaintiff and bears no liability by reason of New York's decision to impose restrictions on plaintiff's prison privileges by reason of the warrant.

*Cruz v. Molerio*, 840 F.Supp. 303, 304 (S.D.N.Y. 1994).

Moreover, to the extent that plaintiff raises this claim against The People of the State of New York, "[d]enying inmates participation in [early release programs] on the basis of an outstanding INS detainer is rationally related to the legitimate penological interest of preventing participating inmates from escaping upon release." *Isaraphanich v. Coughlin*, 716 F.Supp. 119, 121 (S.D.N.Y. 1989); *see also Vargas v. Pataki*, 899 F. Supp. 96 (N.D.N.Y. 1995)(McAvoy, J.)(participation in work release programs is not a fundamental right) (citing *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir. 1989)).

### 3. Immigration matters

To the extent that plaintiff is challenging his immigration proceedings or a removal order, this Court has no jurisdiction to entertain that challenge.

On May 11, 2005, Congress enacted the Real ID Act (the "Act"), which became effective that same day. *See* Real ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Section 106 of the Act amended 8 U.S.C. § 1252 by adding the following jurisdictional provision:

(5) Exclusive means of review

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[6] in accordance with this section shall be the sole and exclusive means of judicial

---

[6] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

> review of an order of removal entered or issued under any provision
> of this chapter, . . .

8 U.S.C. § 1252(a)(5).

Thus, to the extent that plaintiff is directly or indirectly challenging his removal order, he

may not do so in this Court.[7] *See Munoz v. Gonzalez*, No. 05 Civ. 6056, 2005 WL 1644165, *1

(S.D.N.Y. July 11, 2005) (district court lacks jurisdiction to review merits of a petition challenging a

removal order or to stay the order of removal); *Robinson v. Mule*, 05-CV-0536A, 2005 WL

1971893, *1 (W.D.N.Y. Aug. 15, 2005) (same); *McDonald v. Mule*, No. 05-CV-6367, 2005 WL

1971896, *1 (W.D.N.Y. Aug. 9, 2005) (same).  Moreover, even if plaintiff is only seeking a stay of

his removal so that he can apply for citizenship, this Court would also be without jurisdiction to

address this request.  "By depriving district courts of jurisdiction to hear cases challenging final

orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of

removal in such cases.  Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that

may issue a stay is the court that will issue a 'decision on the petition.'" *Rodney v. Gonzalez*, No.

05 CV 3407, 2006 WL 73731, *2 (E.D.N.Y. Jan. 10, 2006); *see also Munoz*, 2005 WL 1644165, at

*1 (effective May 11, 2005, a district court lacks jurisdiction to stay an order of removal).

**4.    Citizenship application**

It appears that plaintiff is subject to an administrative proceeding to remove him from this

---

[7] If plaintiff could challenge his removal order in this Court, his challenge would be by way of a habeas petition. "Congress emphasized that, in enacting § 106, it was not completely stripping the district courts of habeas jurisdiction, but intended the amendment to eliminate habeas review only over challenges to removal orders, not 'habeas review over challenges to detention that are independent of challenges to removal orders.'" *Saavedra De Barreto v. Immigration and Naturalization Service,* 427 F.Supp.2d 51, 57 (D.Conn. 2006) (citing H.R. Rep. 109-72, 173-74)). In this case, plaintiff is not challenging his current detention by the State of New York.

country.  Dkt. No. 1.

> Congress has vested the Attorney General with "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a) (as amended by ImmAct 90, 104 Stat. 5048 (1990)); *Pangilinan,* 486 U.S. at 883-84 (courts lack "power to make someone a citizen"). However, in INA § 318, Congress limited this authority by barring the Attorney General from considering the naturalization application of any alien who, like [plaintiff], is the subject of a removal proceeding. *See* 8 U.S.C. § 1429 ("no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding").... Therefore, notwithstanding the review provisions of INA § 336(b), a district court may not remand a naturalization application to the CIS, or conduct a *de novo* naturalization hearing, where a removal proceeding has commenced against a naturalization applicant. *Cf. Baez-Fernandez v. INS,* 385 F.Supp.2d 292, 295 (S.D.N.Y.2005).

*Dahan v. U.S. Atty. Gen*., No. 06 Civ 3675, 2006 WL 2380388, at *2 (S.D.N.Y. Jun. 24, 2006)).

Therefore, to the extent that plaintiff seeks to file a naturalization application, plaintiff fails to state

a claim over which this Court has jurisdiction.

## III.    Conclusion

For the reasons stated above, the pleading, as presented to this Court, cannot be supported by

an arguable basis in law and must therefore be dismissed pursuant to 28 U.S.C. § 1915(e) without

opportunity to amend.[8]

WHEREFORE it is hereby

ORDERED that this action is dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a

claim, and it is further

ORDERED that plaintiff's *in forma pauperis* application is denied as moot, and it is further

---

[8] Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed. R. Civ. P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.")." *Price v. Hasly*, No. 04-CV-0090S, 2004 WL 1305744, *2 (W.D.N.Y. June 8, 2004).

ORDERED that the Clerk serve a copy of this Order on plaintiff in accordance with the

Local Rules.

May 14, 2008

Thomas J. McAvoy
Senior, U.S. District Judge